**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 4:18 CR 116** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Edward J. Hines, III, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendant's Motion for Compassionate Release or

Reduction of Sentence under § 3582. (Doc. 35). The Federal Public Defender has filed a Notice

of No Intent to Supplement. (Doc. 37). For the following reasons, the motion is DENIED.

**Facts**

Defendant Edward Hines, III filed a direct appeal of his September 2018 sentencing. The

United States Court of Appeals for the Sixth Circuit set forth the underlying facts:

Hines pleaded guilty without a written plea agreement to distribution of heroin,
distribution of fentanyl, distribution of heroin and fentanyl, and possession with intent to
distribute cocaine base, heroin, and fentanyl, in violation of 21 U.S.C. § 841(a)(1) and

1

(b)(1)(C)—four separate drug trafficking counts—and to being a felon in possession of a firearm or ammunition, in violation of 18 U.S.C. § 922(g)(1). Based on Hines's status as a career offender, see USSG § 4B1.1, the presentence report calculated a total offense level of 31 and determined that Hines had a Category VI criminal history, resulting in a range of 188 to 235 months in prison under the U.S. Sentencing Guidelines. Hines conceded that he qualified as a career offender based on his prior convictions, but he argued that he should not be sentenced as a career offender because the career offender guidelines range overrepresented the severity of his criminal history. At the sentencing hearing, the district court afforded the parties the chance to argue their positions on sentencing, addressed the 18 U.S.C. § 3553(a) factors, and imposed a within-Guidelines sentence of 188 months in prison followed by six years of supervised release.

The Sixth Circuit rejected defendant's assertions that this Court should have departed downward and that it did not properly weigh the § 3553(a) factors. Accordingly, the sentence was affirmed. *United States v. Edward J. Hines, III,* No. 18-4061 (6th Cir. January 7, 2020).

This matter is before the Court upon defendant's Motion for Compassionate Release or Reduction of Sentence under § 3582. Although not specified, it appears defendant is seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i).

**Standard of Review**

"District courts ordinarily 'may not modify a term of imprisonment once it has been imposed.' " *United States v. Perez*, 2025 WL 3679747, at *1 (6th Cir. Dec. 18, 2025)(quoting 18 U.S.C. § 3582(c)).  Some exceptions exist including one where extraordinary and compelling reasons are presented. After a defendant exhausts his administrative remedies, defendant-filed motions seeking release under 18 U.S.C. § 3582(c)(1)(A)(i) are resolved by considering whether extraordinary and compelling circumstances merit a sentence reduction, whether the applicable § 3553(a) factors warrant such a reduction, and whether the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission. *United States v. Nixon*, 2026 WL 494700, at *1 (6th Cir. Feb. 17, 2026); *United States v. Williams,* 161 F.4th 951 (6th

2

Cir. 2025). "If any of these prerequisites is lacking, the court may deny the motion." *Nixon*, *supra* (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). The Sentencing Commission policy statement addressing compassionate release provides examples of extraordinary and compelling reasons. These include defendant's medical circumstances, age, family circumstances, and abuse in prison. Additionally, other reasons that either individually or in combination with any of the previous four reasons which are "similar in gravity" to the previous four reasons may be considered as well as an unusually long sentence imposed before a change in the law. *United States v. Clisby*, 2025 WL 4229136, at *2 (6th Cir. Nov. 3, 2025), cert. denied, 2026 WL 795255 (U.S. Mar. 23, 2026) (citing U.S.S.G. § 1B1.13(b)).

### **Discussion**

Defendant moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and appears to cite U.S.S.G. § 1B1.13(b)(5) ("Other Reasons") and (6) ("Unusually Long Sentence") as extraordinary and compelling reasons. However, defendant fails to address whether he has previously sought compassionate release from the warden of his facility, "[B]efore a defendant can seek compassionate release, he must exhaust administrative remedies or wait 30 days from the Warden's receipt of his request." *United States v. Vinton*, 2026 WL 27273, at *2 (E.D. Mich. Jan. 5, 2026) (citing *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020)). Defendant fails to demonstrate that he has exhausted his administrative remedies.

Assuming defendant fully exhausted his administrative remedies, his motion lacks merit because he has not made the necessary showing of extraordinary and compelling circumstances to justify reducing his sentence. Defendant has not sufficiently demonstrated "other reasons" which are "similar in gravity" to those expressly set forth in U.S.S.G. § 1B1.13(b)(1)-(4) which

3

would justify early release under subsection (5). Additionally, he has not "served at least 10 years of the term of imprisonment" as required by U.S.S.G. § 1B1.13(b)(6).

As defendant has not shown an extraordinary and compelling reason to reduce his sentence, the Court need not evaluate the § 3553(a) factors. *United States v. Butler*, 2026 WL 1023847, at *2 (E.D. Mich. Apr. 15, 2026) (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

**Conclusion**

For the foregoing reasons, defendant's Motion for Compassionate Release or Reduction of Sentence under § 3582 is denied.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 5/5/2026